UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                     :

UNITED STATES OF AMERICA                                                                                                                                                                                               CONSENT PRELIMINARY ORDER

              - v. -                                                      OF FORFEITURE AS TO SPECIFIC
                                                                           :    PROPERTY AND SUBSTITUTE
JAMES ZHONG,                                                  ASSETS/MONEY JUDGMENT

                         Defendant.                        22 Cr. 606 (PGG)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

             WHEREAS, on or about November __, 2022, JAMES ZHONG (the "Defendant"), was charged in a one-count Information, 22 Cr. 606 (PGG) (the "Information"), with wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count One);

             WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Information, including all right, title, and interest of the defendant in the following specific property: the Defendant's 80% interest in RE&D Investments, LLC, EIN: 84-1727241 (the "Specific Property");

             WHEREAS, the Information also included a substitute asset provision providing notice that if as a result of the defendant's actions or omissions forfeitable property is unable to be located or obtained, the United States would seek, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), the forfeiture of any other property of the Defendant;

WHEREAS, on or about November 9, 2021, pursuant to a judicially authorized premises search warrant of the Defendant's residence, the Government seized, among other items, the following property from the Defendant in the Northern District of Georgia:

    a. 11.1160005300044 BTC;

    b. $661,900 in United States currency;

    c. 25 Casascius coins (physical bitcoin) with an approximate value of 174 BTC, collectively; and

    d. metal items, consisting of four one-ounce silver-colored bars, three one-ounce gold-colored bars, four 10-ounce silver-colored bars, and one gold-colored coin;

(a. through d., collectively, the "Seized Assets");

WHEREAS, the Government seized, among other items, the following property from the Defendant on the dates below in the Southern District of New York:

    a. on or about April 27, 2022: 23.7112850 BTC;

    b. on or about April 28, 2022: 115.02532155 BTC;

    c. on or about June 8, 2022: 4.57427222 BTC;

(a. through c., collectively with the Seized Assets, the "Substitute Assets");

WHEREAS, on or about November 4, 2022, the Defendant pleaded guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c): (i) a sum of money equal to $42,747,425.95 in United States currency, representing the value of certain proceeds traceable to the commission of the offense

charged in Count One of the Information (the "Money Judgment"), namely, the approximate value, based on the lowest spot price of BTC on October 6, 2022, of the 2148.10214197 Bitcoin (out of the Defendant's 53,500 Bitcoin in total fraud proceeds) that the Defendant dissipated; and (ii) all right, title, and interest of the Defendant in the Specific Property;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $42,747,425.95 in United States currency, representing the value of certain proceeds traceable to the commission of the offense charged in Count One of the Information that the Defendant personally obtained;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title, and interest in the Specific Property as proceeds of the offense charged in Count One of the Information;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title, and interest in the Substitute Assets to the United States as substitute assets pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c);

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, all of the proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property and the Substitute Assets to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney, David R. Felton, of counsel, and the Defendant, and his counsel, Michael F. Bachner, Esq., John A. Garland, Esq., Donald F. Samuel, Esq., and Amanda R. Clark Palmer, Esq., that:

1. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $42,747,425.95 in United States currency, representing the value of certain proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offense charged in Count One of the Information, to which the Defendant pleaded guilty, all of the Defendant's right, title, and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. All of the Defendant's right, title, and interest in the Substitute Assets is hereby forfeited as a substitute asset to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

4. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property and Substitute Assets/Money Judgment is final as to the Defendant, JAMES ZHONG, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

5. The Defendant shall make a payment in the amount of $400,000 in United States currency on or before December 6, 2022 (the "Payment"). Upon entry of a Final Order of

Forfeiture with respect to the Specific Property and Substitute Assets, the Payment shall be applied in full satisfaction of the Money Judgment.

6. The Payment shall be made by wire transfer to the United States Marshals Service pursuant to the wire instructions to be provided to the Defendant by the Government.

7. The United States Marshals Service is authorized to deposit the Payment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

8. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property and Substitute Assets/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and the Substitute Assets and to hold such property in its secure custody and control.

9. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property and/or Substitute Assets must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

10. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property and/or Substitute Assets, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title, or interest in the Specific Property and/or Substitute Assets, the time and circumstances of the petitioner's acquisition of the right, title, and interest in the Specific Property and/or Substitute Assets, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

11. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

12. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property and to the Substitute Assets pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture and the Substitute Assets shall be applied towards the satisfaction of the Money Judgment.

13. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

14. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate

or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

15. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property and Substitute Assets/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

16. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property and Substitute Assets/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute

one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: *David Felton*  10-26-2022
DAVID R. FELTON  DATE
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2299

JAMES ZHONG

By: *[signature]*  10-26-22
JAMES ZHONG  DATE

By: *[signature]*  10-26-22
MICHAEL F. BACHNER, ESQ.  DATE
Bachner & Associates, PC
111 Broadway Suite 701
New York, New York 10006

JOHN A. GARLAND, ESQ.
DONALD F. SAMUEL, ESQ.
AMANDA R. CLARK PALMER, ESQ.
Garland, Samuel & Loeb, P.C.
3151 Maple Drive
Atlanta, Georgia 30305

Attorneys for Defendant JAMES ZHONG

SO ORDERED:

*Paul G. Gardephe*  Nov. 4, 2022
HONORABLE Paul G. Gardephe  DATE
UNITED STATES DISTRICT JUDGE

8