MB4QzhoP

```
1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x
3   UNITED STATES OF AMERICA

              v.                        22 CR 606 (PGG)
4                                            Plea

5   JAMES ZHONG

6                   Defendant
    ------------------------------x
7
                                        New York, N.Y.
8                                       November 4, 2022
                                        11:30 a.m.
9

10  Before:

11                  HON. PAUL G. GARDEPHE
                                        District Judge
12

13                       APPEARANCES

14  DAMIAN WILLIAMS
         United States Attorney for the
15       Southern District of New York
    DAVID FELTON
16       Assistant United States Attorney

17  MICHAEL BACHNER
         Attorney for Defendant
18
    ALSO PRESENT  S.A. Trevor McAleenan, IRS
19                S.A. Michael Lane, IRS
                  Jazzlyn Harris, USPT (SDNY)
20

21

22

23

24

25
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

MB4QzhoP

1          (In open court; case called)

2          DEPUTY CLERK:  Counsel for the government, please a

3    state your appearance.

4          MR. FELTON:  Good morning, your Honor.  David Felton

5    for the government, joined by IRS CI Special Agents Trevor

6    McAleenan and Michael Lane to my left, and from pretrial

7    services Jazzlyn Harris in the jury box.

8          THE COURT:  Hello.  How are you?

9          DEPUTY CLERK:  Defense, please state your appearance.

10          MR. BACHNER:  Good morning, your Honor.  Michael

11    Bachner on behalf of James Zhong.  Nice to see you, your Honor.

12          THE COURT:  Likewise.

13          I understand that Mr. Zhong self-surrendered this

14    morning.  Is that correct?

15          MR. FELTON:  Yes, your Honor.

16          THE COURT:  Mr. Zhong, I am required to advise you of

17    certain rights you have.  You do have the right to remain

18    silent.  You are not required to make any statements.  You can

19    remain seated throughout.

20          Mr. Zhong, you do have the right to remain silent.

21    You're not required to make any statements.  Even if you have

22    made statements to the authorities, you need not make any

23    further statements.  Anything you do say can and will be used

24    against you.  You do have the right to be released on bail,

25    either conditionally or unconditionally, pending trial, unless

MB4QzhoP

 1    I find there are no conditions or combination of conditions

 2    that will ensure your return to court and the safety of the

 3    community.

 4         You do have the right to be represented by counsel

 5    during all court proceedings, including this one, and during

 6    any questioning by the authorities.  If you cannot afford an

 7    attorney, an attorney will be appointed to represent you.

 8         I do understand, however, that you have retained

 9    Mr. Bachner to represent you.  Is that true, Mr. Zhong?

10         THE DEFENDANT:  Yes, your Honor.

11         THE COURT:  Mr. Zhong, do you understand your rights

12    as I've read them to you?

13         THE DEFENDANT:  Yes, your Honor.

14         THE COURT:  Mr. Bachner, I further understand that

15    Mr. Zhong intends to plead guilty to a one count information.

16    Is that correct?

17         MR. BACHNER:  Yes, your Honor, it is.

18         THE COURT:  Mr. Ruocco, would you please swear the

19    defendant.

20         (Defendant sworn)

21         THE COURT:  Mr. Zhong, you should understand you're

22    now under oath, and if you answer any of my questions falsely,

23    your answers may later be used against you in another

24    prosecution for perjury or for making a false statement.  Do

25    you understand that?

MB4QzhoP

| | |
|---|---|
| 1 | THE DEFENDANT:  Yes. |
| 2 | THE COURT:  Do you understand? |
| 3 | THE DEFENDANT:  Yes. |
| 4 | THE COURT:  Have you received a copy of the |
| 5 | information which reflects the charge against you? |
| 6 | THE DEFENDANT:  Yes, your Honor. |
| 7 | THE COURT:  And have you discussed it with |
| 8 | Mr. Bachner? |
| 9 | THE DEFENDANT:  Yes. |
| 10 | THE COURT:  You should understand that you are charged |
| 11 | in the information with wire fraud by engaging in a scheme to |
| 12 | defraud the Silk Road internet marketplace of money and |
| 13 | property through several unlawful means in or about |
| 14 | September 2012.  Do you understand that that's the charge |
| 15 | against you in the information? |
| 16 | THE DEFENDANT:  Yes, your Honor. |
| 17 | THE COURT:  I have been given a waiver of indictment |
| 18 | form that appears to have been signed by you and by Mr. Bachner |
| 19 | and by my deputy, Mr. Ruocco.  Did you sign this waiver of |
| 20 | indictment form? |
| 21 | THE DEFENDANT:  Yes, your Honor. |
| 22 | THE COURT:  Did you discuss it with Mr. Bachner before |
| 23 | you did so? |
| 24 | THE DEFENDANT:  Yes. |
| 25 | THE COURT:  Did he explain it to you? |

MB4QzhoP

1          THE DEFENDANT:  Yes.

2          THE COURT:  You should understand you have no

3     obligation to waive indictment.  Do you understand that?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Have any threats been made against you or

6     any promises been made to you to induce you to waive

7     indictment?

8          THE DEFENDANT:  No.

9          THE COURT:  You should understand that if you did not

10    waive indictment, the government would be required to present

11    your case to a grand jury, which would be asked to determine

12    whether there's probable cause to believe that a crime was

13    committed and that you committed it.  Do you understand that?

14         THE DEFENDANT:  Yes, your Honor.

15         THE COURT:  You should further understand that the

16    grand jury might or might not choose to indict you.  Do you

17    understand that?

18         THE DEFENDANT:  Yes.

19         THE COURT:  And you should realize that by signing

20    this waiver of indictment form, you have given up your right to

21    have your case presented to a grand jury, and instead the case

22    against you will proceed on the basis of the information signed

23    by the U.S. Attorney.  Do you understand that?

24         THE DEFENDANT:  Yes, your Honor.

25         THE COURT:   I find that the defendant has knowingly

MB4QzhoP

and voluntarily waived his right to have this case presented to
a grand jury, and that the case will instead proceed by way of
information.  I have also been given an Advice of Rights form
that appears to have been signed by Mr. Zhong and by
Mr. Bachner.

          Mr. Zhong, is this your signature on the Advice of
Rights form?

          THE DEFENDANT:  Yes, your Honor.

          THE COURT:  I will mark it as Exhibit 1 to these
proceedings.

          Finally, I have been given a plea agreement that
appears to have been signed by Mr. Zhong, Mr. Bachner and by
representatives of the U.S. Attorney's Office.

          Mr. Zhong, is this your signature on the plea
agreement?

          THE DEFENDANT:  Yes, your Honor.

          THE COURT:  I will mark it as Exhibit 2 to these
proceedings.

          Before deciding whether to accept your guilty plea,
I'm required to ask you certain questions.  It is important you
answer these questions honestly and completely.  The purpose of
these proceedings is to make sure that you understand your
rights and for me to make certain that you are pleading guilty
of your own free will, and to make sure that you're pleading
guilty because you are in fact guilty and not for some other

MB4QzhoP

1  reason.  Do you understand that?

2         THE DEFENDANT:  Yes, your Honor.

3         THE COURT:  If you don't understand any of my

4  questions or you want to consult with Mr. Bachner at any time,

5  please say so because it is important you understand every

6  question before you answer.  Could you please state your full

7  name for the record?

8         THE DEFENDANT:  James Zhong.

9         THE COURT:  How old are you?

10         THE DEFENDANT:  32.

11         THE COURT:  How far did you go in school?

12         THE DEFENDANT:  I have a bachelor's degree in computer

13  science from the University of Georgia.

14         THE COURT:  Have you ever been addicted to any drugs

15  or alcohol or been treated for any addiction?

16         THE DEFENDANT:  I had an arrest for cocaine five, six

17  years ago, and I had one evaluation because of that, but no

18  further treatment.

19         THE COURT:  Okay.  Do you consider yourself to ever

20  have been addicted to any drug or addicted to alcohol at any

21  point in time?

22         THE DEFENDANT:  No.

23         THE COURT:  Are you experiencing any symptoms of any

24  sort associated with your past use of drugs?

25         THE DEFENDANT:  No.

MB4QzhoP

1          THE COURT:  Are you now or have you recently been

2    under the care of any kind of doctor?

3          THE DEFENDANT:  No.

4          THE COURT:  In the past 24 hours, have you taken any

5    drugs, medicine or pills or drunk any alcohol?

6          THE DEFENDANT:  I had one drink at the airport on the

7    way here, and that's it.

8          THE COURT:  Okay.  Is your mind clear today, and do

9    you understand what is happening?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Mr. Bachner, do you have any doubt as to

12    Mr. Zhong's competence to plead guilty this morning?

13          MR. BACHNER:  I do not, your Honor.

14          THE COURT:  On the basis of Mr. Zhong's responses to

15    my questions and my observations of his demeanor, I do find

16    that he is competent to enter an informed plea.

17          Mr. Zhong, have you had enough time to discuss your

18    case with Mr. Bachner?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  Have you discussed with him the charge

21    against you, as well as your intention to plead guilty?

22          THE DEFENDANT:  Yes.

23          THE COURT:  And have you discussed with Mr. Bachner

24    any possible defenses you might have to the charge against you

25    and all the facts about your involvement in this matter?

MB4QzhoP

1          THE DEFENDANT:  Yes.

2          THE COURT:  And has Mr. Bachner told you about the

3    consequences of pleading guilty?

4          THE DEFENDANT:  Yes.

5          THE COURT:  And are you satisfied with Mr. Bachner's

6    representation of you?

7          THE DEFENDANT:  Yes.

8          THE COURT:  I'm required to explain certain

9    constitutional rights that you have.  These are rights you'll

10   be giving up if you enter a guilty plea.  Please listen

11   carefully to what I'm about to say.  If you don't understand

12   something, stop me, and either myself or Mr. Bachner will

13   explain the matter to you more fully.

14          Under the Constitution and laws of the United States,

15   you have a right to a speedy and public trial by a jury on the

16   charge against you in the information.  Do you understand that?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  If there were a trial, you would be

19   presumed innocent, and the government would be required to

20   prove your guilt by competent evidence and beyond a reasonable

21   doubt.  You would not have to prove you were innocent at a

22   trial.  Do you understand that?

23          THE DEFENDANT:  Yes, your Honor.

24          THE COURT:  If there were a trial, a jury composed of

25   12 people selected from this district would have to agree

MB4QzhoP

1   unanimously before you could be found guilty.  Do you

2   understand that?

3            THE DEFENDANT:  Yes, your Honor.

4            THE COURT:  If you decided to go to trial, at that

5   trial and at every stage of your case, you would have the right

6   to be represented by an attorney; and if you could not afford

7   one, an attorney would be appointed to represent you at

8   government expense and at no cost to you.  If you retained a

9   lawyer and you ran out of money, an attorney would be appointed

10  to continue to represent you, and to handle your case all the

11  way through trial and not just for purposes of a guilty plea.

12  So your decision to plead guilty should not depend on whether

13  you can afford a lawyer.  Do you understand that?

14           THE DEFENDANT:  Yes, your Honor.

15           THE COURT:  If there were a trial, you would have the

16  right to see and hear all of the witnesses against you, and

17  your attorney could cross-examine them.  You would have a right

18  to have your attorney object to the government's evidence and

19  to offer evidence on your behalf if you so desired.  You would

20  have the right to have subpoenas issued to compel witnesses to

21  testify in your defense.  Do you understand that?

22           THE DEFENDANT:  Yes, your Honor.

23           THE COURT:  If there were a trial, you would have the

24  right to testify if you wanted to but no one could force you to

25  testify if you did not want to.  Furthermore, no inference or

MB4QzhoP

1    suggestion of guilt could be drawn if you chose not to testify

2    at a trial.  Do you understand that?

3             THE DEFENDANT:  Yes, your Honor.

4             THE COURT:  If you were convicted at a trial, you

5    would have the right to appeal that verdict to a higher court.

6    Do you understand that?

7             THE DEFENDANT:  Yes, your Honor.

8             THE COURT:  Even now as you're entering this plea, you

9    have the right to change your mind, plead not guilty and go to

10   trial on the charge contained in the information.  Do you

11   understand that?

12            THE DEFENDANT:  Yes, your Honor.

13            THE COURT:  If you plead guilty, and I accept your

14   plea, you will give up your right to a trial and the other

15   rights I just discussed, other than the right to a lawyer which

16   you have regardless of whether or not you plead guilty.

17            If you plead guilty, I will enter a judgment of guilty

18   and sentence you on the basis of your plea after I've

19   considered a presentence report and whatever submissions I

20   receive from your lawyer and from the prosecutor.  Do you

21   understand that?

22            THE DEFENDANT:  Yes, your Honor.

23            THE COURT:  If you plead guilty, you will have to give

24   up your right not to incriminate yourself because I will ask

25   you questions about what you did in order to satisfy myself

MB4QzhoP

1    that you are guilty as charged, and you will have to admit and

2    acknowledge your guilt.  Do you understand that?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  As I said earlier, the information charges

5    you with wire fraud.  I will now tell you the elements of this

6    offense.  This is what the government would have to prove

7    beyond a reasonable doubt if you were to go to trial.

8              First, the government would have to prove that there

9    was a scheme or artifice to defraud to obtain money or property

10   by materially false and fraudulent pretenses, representations

11   or promises.  Here, the government claims that you created a

12   string of Silk Road accounts in a manner designed to conceal

13   your identity; that you triggered multiple transactions in

14   rapid succession in order to trick Silk Road into releasing

15   bitcoin from its bitcoin-based payment system into these

16   accounts, and that you transferred this bitcoin into separate

17   addresses also under your control.  These are the allegations

18   set forth in paragraph one of the information.

19             Second, the government would have to prove that you

20   knowingly and willfully participated in the scheme or artifice

21   to defraud with knowledge of its fraudulent nature and with

22   specific intent to defraud.

23             And, third, that in executing this fraudulent scheme,

24   you used or caused the use of interstate wires.

25             Do you understand that these are the elements of the

MB4QzhoP

1   offense you have been charged with?

2           THE DEFENDANT:  Yes, your Honor.

3           THE COURT:  Now, I do have some questions for the

4   government and Mr. Bachner before I proceed further.  And that

5   is, first of all, the information says that the scheme was

6   perpetrated in the Middle District of Georgia and elsewhere.

7   So should I understand that Mr. Zhong is waiving venue for

8   purposes of this prosecution?

9           MR. FELTON:  Yes, your Honor.

10          THE COURT:  Okay.  Is that true, Mr. Bachner?

11          MR. BACHNER:  It is, your Honor.  He will so state in

12  his allocution.

13          THE COURT:  Okay.  Mr. Zhong, I want you to understand

14  that, first of all, the information, the charging document,

15  says that you committed a crime, it says in the Middle District

16  of Georgia and elsewhere.  You do have a right to be prosecuted

17  in Georgia if you wish rather than here in the Southern

18  District of New York.

19          Have you discussed venue, this issue of venue with

20  Mr. Bachner?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  And have you decided to waive your right

23  to be prosecuted in Georgia as opposed to here in New York?

24          THE DEFENDANT:  Yes, your Honor.

25          THE COURT:  And then the second point I wanted to ask

MB4QzhoP

1  the parties about has to do with the statute of limitations.

2  So the information charges that the crime was committed in

3  2012.  Generally speaking, there is a five-year statute of

4  limitations that applies to federal crimes.  Does everyone

5  agree that, generally speaking, there would be a five-year

6  statute of limitations here?

7             MR. FELTON:  Yes, your Honor.

8             THE COURT:  You agree, Mr. Bachner?

9             MR. BACHNER:  I do, your Honor.

10            THE COURT:  Mr. Bachner, is it your client's intention

11  to waive any rights he might have to argue that the charge

12  against him is time barred?

13            MR. BACHNER:  It is, your Honor.

14            THE COURT:  Okay.

15            So, Mr. Zhong, the statute of limitations for the

16  crime you're charged with in the information is five years.

17  Accordingly, you could argue that the time to prosecute you for

18  this crime has passed, and that the crime is now time barred;

19  you can no longer be prosecuted.  Have you discussed this with

20  Mr. Bachner?

21            THE DEFENDANT:  Yes, your Honor.

22            THE COURT:  And is it true that you agree to waive any

23  statute of limitations defense you might have with respect to

24  this charge in the information?

25            THE DEFENDANT:  Yes, your Honor.

MB4QzhoP

1          THE COURT:  All right.  I find that Mr. Zhong has

2     knowingly and voluntarily waived both venue as well as any

3     argument here that the crime charged in the information is time

4     barred.

5          Mr. Zhong, I am required to tell you the maximum and

6     any minimum possible penalties for this crime.  The maximum

7     means the most punishment that could possibly be imposed.  It

8     does not necessarily mean that is what you will receive.  But

9     you have to understand that by pleading guilty, you are

10     exposing yourself to the possibility of receiving any

11     combination of punishments up to the maximum I am about to

12     describe.  Do you understand that?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  The charge against you carries a maximum

15     sentence of 20 years' imprisonment.  Any term of imprisonment

16     could be followed by as much as three years' supervised

17     release.  Supervised release means that if you are sentenced to

18     prison, after you are released from prison, you will be subject

19     to supervision by the U.S. Probation Office.  There will be

20     rules of supervised release that you will have to follow, and

21     if you violate those rules, you can be returned to prison

22     without a jury trial to serve additional time even beyond your

23     sentence.

24          In addition, the crime you are pleading guilty to

25     carries a maximum fine of the greatest of $250,000, or twice

MB4QzhoP

1    the gross pecuniary gain derived from the offense, or twice the

2    gross pecuniary loss resulting from the offense.  Do you

3    understand those penalties?

4                THE DEFENDANT:  Yes, your Honor.

5                THE COURT:  Parole has been abolished in our federal

6    system, and if you are sent to prison, you will not be released

7    early on parole.  There is a limited opportunity to earn credit

8    for good behavior, but you will have to serve at least

9    85 percent of the time you are sentenced to you.  Do you

10   understand that?

11               THE DEFENDANT:  Yes, your Honor.

12               THE COURT:  There is also a mandatory minimum fine or

13   special assessment of $100 that I am required to impose.  Do

14   you understand that?

15               THE DEFENDANT:  Yes, your Honor.

16               THE COURT:  As part of your sentence, I can also order

17   you to make restitution to any person or entity who was injured

18   as a result of your criminal conduct, and I can also order to

19   you forfeit certain property to the government.  Do you

20   understand that?

21               THE DEFENDANT:  Yes, your Honor.

22               THE COURT:  Being convicted of a felony may have other

23   consequences, such as the loss of licenses or the right to

24   possess a firearm.  If you are a citizen of the United States,

25   you could lose your right to vote.  If you are not a citizen of

MB4QzhoP

1   the United States, you will likely lose your right to remain in

2   the United States, and you may be deported.  This is not a full

3   list of the consequences of a felony conviction, but these are

4   examples.  Do you understand that?

5            THE DEFENDANT:  Yes, your Honor.

6            THE COURT:  There are Sentencing Guidelines I'm

7   required to consult in order to determine an appropriate

8   sentence in your case.  Have you spoken with Mr. Bachner about

9   the Sentencing Guidelines?

10           THE DEFENDANT:  Yes, your Honor.

11           THE COURT:  You should understand I will not be able

12  to determine what the guideline sentence is until after a

13  presentence report has been prepared by the U.S. Probation

14  Office, and you and the government have had a chance to comment

15  on that report.  Do you understand that?

16           THE DEFENDANT:  Yes, your Honor.

17           THE COURT:  You should also understand that after I

18  determine what the appropriate guidelines range is and after I

19  have determined whether a departure upwards or downwards from

20  that range is called for, I will then determine what an

21  appropriate sentence is in your case, having in mind not only

22  the Sentencing Guidelines but all the factors set forth in the

23  sentencing statute, including the need for the sentence imposed

24  to reflect the seriousness of the offense, the need to promote

25  respect for the law, to provide just punishment, and to afford

MB4QzhoP

1    adequate deterrence to criminal conduct.  Do you understand

2    that?

3                THE DEFENDANT:  Yes, your Honor.

4                THE COURT:  You should understand that if your

5    attorney or anyone else has attempted to estimate or to predict

6    what your sentence will be, that their estimate or prediction

7    could be wrong.  Do you understand that?

8                THE DEFENDANT:  Yes, your Honor.

9                THE COURT:  No one, not even your attorney or the

10   prosecutor, can give you any assurance of what your sentence

11   will be.  Your sentence cannot be determined until the

12   presentence report is complete, and I have ruled on any

13   challenges to the report, determined whether I believe there

14   are grounds to depart, whether upwards or downwards from the

15   guideline range, and otherwise determine what an appropriate

16   sentence is in your case.  Do you understand that?

17               THE DEFENDANT:  Yes, your Honor.

18               THE COURT:  You should fully understand that even if

19   your sentence is different from what your attorney or anyone

20   else told you it might be, or if it is different from what you

21   expect, you will still be bound by your guilty plea, and you

22   will not be allowed to withdraw your plea of guilty.  Do you

23   understand that?

24               THE DEFENDANT:  Yes, your Honor.

25               THE COURT:  I have been given a plea agreement which

MB4QzhoP

1    I've marked as Exhibit 2 to these proceedings.  You told me

2    that it bears your signature.  Did you discuss the plea

3    agreement with Mr. Bachner before you signed it?

4                    THE DEFENDANT:  Yes, your Honor.

5                    THE COURT:  Did you fully understand all the terms of

6    the plea agreement before you signed it?

7                    THE DEFENDANT:  Yes, your Honor.

8                    THE COURT:  Does this agreement constitute your

9    complete and total understanding of the entire agreement

10   between you and the United States Government as to this matter?

11                   THE DEFENDANT:  Yes, your Honor.

12                   THE COURT:  Has anyone offered you any inducements or

13   threatened you or forced you to plead guilty or to enter into

14   this plea agreement?

15                   THE DEFENDANT:  No, your Honor.

16                   THE COURT:  One provision of your plea agreement is

17   that you are giving up your right to appeal your sentence or to

18   challenge your sentence in any way or at any time so long as I

19   sentence you to 33 months' imprisonment or less.  Do you

20   understand that?

21                   THE DEFENDANT:  Yes, your Honor.

22                   THE COURT:  There is another provision in which you

23   agree in the plea agreement that you will not appeal or

24   challenge the legality of any fine that's less than or equal to

25   $100,000, or any forfeiture amount that is less than or equal

MB4QzhoP

1    to $42,747,425.95.  Do you understand that?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  Mr. Bachner, do you know of any valid

4    defense that would prevail at trial or any other reason why

5    Mr. Zhong should not be permitted to plead guilty today?

6              MR. BACHNER:  No, your Honor.

7              THE COURT:  And do you believe there's an adequate

8    factual basis to support a guilty plea?

9              MR. BACHNER:  I do, your Honor.

10             THE COURT:  Mr. Felton, does the government represent

11   there is an adequate factual basis to support a guilty plea?

12             MR. FELTON:  Yes, your Honor.

13             THE COURT:  Mr. Zhong, we've reached the point in the

14   proceedings where I need you to tell me what you did that makes

15   you believe that you are guilty of the crime charged in the

16   information.

17             THE DEFENDANT:  Sometime in 2012, when I was 22 years

18   old, I began using the Silk Road dark-web internet website to

19   purchase small amounts of personal use drugs to use socially on

20   the weekends in my home in Georgia.  To that end, I deposited

21   bitcoin in an account I created with Silk Road.

22             In September of 2012, after using the site just once

23   or twice, I decided I no longer wanted to buy anything else

24   from Silk Road and decided to withdraw my bitcoin from the

25   website.  While doing so, I accidentally double-clicked the

MB4QzhoP

withdraw button and was shocked to discover that it resulted in
allowing me to withdraw double the amount of bitcoin I had
deposited.  Once I realized the website had this flaw, I took
advantage of the flaw by creating several user accounts to hide
who I was and conducted multiple internet transactions in quick
succession, which improperly caused the Silk Road bitcoin
payment system to release about 50,000 coins to me that did not
belong to me.

          After I had control over the bitcoin valued then at
about $600,000 I transferred the bitcoin into separate
addresses which I also controlled.

          My conduct took a few hours spread over two days.  I
stopped my conduct voluntarily, even though I believe I could
have continued to withdraw more coins undetected.

          Once I stopped my illegal conduct, I never helped or
encouraged anyone else to do what I did.  I knew that my
conduct was wrong, and I am truly remorseful for what I did.  I
therefore voluntarily provided the government with the
necessary information to access my cryptocurrency accounts even
before I had any plea agreement with the government.  I am
truly sorry for my behavior.

          THE COURT:  Does the government wish me to ask any
additional questions of Mr. Zhong?

          MR. FELTON:  Your Honor, if the defendant could just
clarify whether he used or caused the use of interstate wires

MB4QzhoP

1      as part of the scheme to defraud.

2              THE COURT:  So, Mr. Zhong, I gather from what you

3      said, that you were using the internet to access your account

4      at Silk Road.  Is that true?

5              THE DEFENDANT:  Yes, your Honor.

6              THE COURT:  So you admit that in executing the

7      fraudulent scheme that you have described, that you were using

8      interstate wires?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  Anything else?

11             MR. FELTON:  Not for the Court to ask the defendant,

12     your Honor.

13             THE COURT:  All right.  Mr. Zhong, are you pleading

14     guilty because you are in fact guilty?

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  Are you pleading guilty voluntarily and of

17     your own free will?

18             THE DEFENDANT:  Yes, your Honor.

19             THE COURT:  I will ask you now, how do you plead as to

20     the charge in the information?  Guilty or not guilty.

21             THE DEFENDANT:  Guilty.

22             THE COURT:  Does the government wish me to allocute

23     Mr. Zhong as to the forfeiture allegation?

24             MR. FELTON:  Yes, your Honor.

25             THE COURT:  Mr. Zhong, the information includes what

MB4QzhoP

1   is known as a forfeiture allegation in which the government has

2   put you on notice that it seeks any and all property

3   constituting or derived from any proceeds that were obtained

4   directly or indirectly as a result of the charged offense,

5   including your 80 percent interest in RE&D Investments LLC.  Do

6   you admit the forfeiture allegations set forth in the

7   information?

8           THE DEFENDANT:  Yes, your Honor.

9           THE COURT:  Because you acknowledge you are guilty as

10   charged in the information, because I find that you know your

11   rights and you are waiving them knowingly and voluntarily, and

12   because I find your plea is entered knowingly and voluntarily

13   and is supported by an independent basis in fact containing

14   each of the essential elements of this offense, I accept your

15   guilty plea and adjudge you guilty of the offense to which you

16   have pled guilty.

17           I should also say that I have been handed a consent

18   preliminary order of forfeiture which cites certain property

19   that the government has seized and which the defendant agrees

20   to forfeit.  The consent preliminary order of forfeiture

21   appears to have been signed by Mr. Zhong, by Mr. Bachner and by

22   Mr. Felton on behalf of the United States.

23           Mr. Zhong, is this your signature on the consent

24   preliminary order of forfeiture?

25           THE DEFENDANT:  Yes, your Honor.

MB4QzhoP

1          THE COURT:  And you spoke with Mr. Bachner before you

2     signed it?

3          THE DEFENDANT:  Yes, your Honor.

4          THE COURT:  And you understand the terms of the

5     consent preliminary order of forfeiture?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  All right.  Then I will execute that order

8     now.

9          I will schedule sentencing for February 22, 2023 at

10    12:00.  I will order a presentence report.

11         Mr. Zhong, I ask you to cooperate with the people who

12    prepare the report because it will be important to me in making

13    my decision as to what your sentence will be.  You and

14    Mr. Bachner will have an opportunity to review the presentence

15    report before sentencing.  I urge you to review it carefully

16    with him and discuss it with him before sentencing.  If there

17    are any mistakes in the report, please point them out to

18    Mr. Bachner so that he can point them out to me before

19    sentencing so that I don't proceed on the basis of mistaken

20    information.

21         Given the sentencing date of February 22, 2023, I will

22    schedule the defendant's sentencing submission for February 1

23    and the government's sentencing submission for February 8.

24         I will now hear the parties as to bail.

25         MR. FELTON:  Your Honor, the parties have a proposed

MB4QzhoP

1    package for the Court's consideration.

2           THE COURT:  All right.

3           MR. FELTON:  The bond would be a $310,000 personal

4    recognizance bond that's unsecured -- so no cosigners, no

5    property -- where the defendant could be released the same day

6    on his signature.  The parties agree with the recommended

7    conditions 1 through 8 in the pretrial services report on page

8    5.  I'm happy to read them to the Court or not, depending on

9    the Court's preference.

10          THE COURT:  All right.  I see the eight items listed,

11   so, no, it's not necessary for you to read them at this point.

12          Mr. Bachner, it's true that you have agreed to this

13   bail package?

14          MR. BACHNER:  Yes, your Honor.  Mr. Zhong has also

15   agreed to give a urinalysis to test.  He hasn't used any type

16   of illegal drugs in years, but if pretrial would like a

17   urinalysis specimen, we're fine with giving it.  We agree with

18   the terms then, your Honor.

19          THE COURT:  What is pretrial position on whether

20   Mr. Zhong should be tested today before he returns to Georgia?

21          MS. HARRIS:  Yes, he should be tested.

22          THE COURT:  Okay.  So I will include that as a

23   condition.  So I will release Mr. Zhong on the following

24   conditions:  $310,000, is that what you said?

25          MR. FELTON:  Yes, your Honor.

MB4QzhoP

1          THE COURT:  $310,000 personal recognizance bond,

2     pretrial services supervision, regular pretrial services

3     supervision, surrender of all travel documents and no new

4     application for travel documents.  Travel restricted to the

5     Northern District and Middle District of Georgia, Southern

6     District of New York and Eastern District of New York with

7     travel permitted between those points for purposes of court

8     appearances and legal consultation.

9          Also, the defendant is not to possess a firearm, a

10     destructive device or other dangerous weapon, and he will

11     surrender all firearms and firearms licenses to a responsible

12     third party or local law enforcement and provide proof of same

13     to the pretrial services officer.

14          As we've agreed, Mr. Zhong will submit to a drug test

15     today before he returns to Georgia.  Mr. Zhong will obtain and

16     maintain verifiable employment during the period of his

17     pretrial release, and he will maintain a single residence and

18     not relocate without the approval of the pretrial services

19     officer.  Yes?

20          MR. BACHNER:  Yes, your Honor, just briefly, I should

21     have brought this to the Court's attention.  The government is

22     aware of this.  Mr. Zhong -- there is a bankruptcy proceeding

23     related to a piece of property in Tennessee.  It's unlikely he

24     is going to have to personally attend, but he may have to.  Can

25     we have a carveout that he can travel to Tennessee with notice

MB4QzhoP

1    to the government and to pretrial for court proceedings in that

2    jurisdiction so I don't have to bother the Court with a letter?

3              THE COURT:  Does the government have any objection to

4    that?

5              MR. FELTON:  No objection.  We consent and agree to

6    that.

7              THE COURT:  The pretrial services officer has no

8    objection to that?

9              MS. HARRIS:  No objection.

10             THE COURT:  So I will add that to the order.

11             MR. BACHNER:  Thank you, your Honor.

12             THE COURT:  Mr. Felton, anything else on behalf of the

13   government?

14             MR. FELTON:  Your Honor, the only thing -- and I think

15   this goes without saying -- on the bonds there's typically a

16   provision that the defendant must not violate the federal,

17   state or local law.  The Court didn't specifically state that,

18   but just in an abundance of caution, that's the only thing.

19             THE COURT:  Mr. Zhong, you are not to commit any

20   violation of federal, state or local law during the period you

21   are on pretrial release.

22             MR. BACHNER:  Judge, also the passport has already

23   been confiscated by the FBI or by the agents, so that's been

24   resolved.

25             THE COURT:  Okay.  Just to be clear, I am authorizing

MB4QzhoP

1    Mr. Zhong's release on his own signature today.

2              MR. BACHNER:  Thank you, Judge.

3              THE COURT:  Mr. Felton, anything else on behalf of the

4    government?

5              MR. FELTON:  No, your Honor.  Thank you very much.

6              THE COURT:  Mr. Bachner, anything else on behalf of

7    the defense?

8              MR. BACHNER:  No, your Honor.  Have a nice

9    Thanksgiving holiday.

10             THE COURT:  Thank you, and same to you.  Good day.

11             (Adjourned)

12

13

14

15

16

17

18

19

20

21

22

23

24

25